NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOLLY BOSIRE and DAWN WILKES,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>PASSAIC COUNTY, a body politic and political subdivision of the State of New Jersey, PASSAIC COUNTY BOARD OF CHOSEN FREEHOLDERS, PASSAIC COUNTY DEPARTMENT OF HEALTH, IRENE JESSIE-HUNTE, in her individual and official capacity,<br><br>　　　　　　　Defendants. | Civil Action No. 12-cv-6498 (KSH)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on Plaintiffs' motion to disqualify Defendants' counsel from representing non-party Lynn Pappas-Toledo and Defendant Irene Jessie-Hunte in this employment discrimination case. Defendants oppose the motion. The Court declined to hear oral argument pursuant to Rule 78 and, for the reasons set forth below, the Court grants Plaintiffs' motion.

Plaintiffs, Ms. Pappas-Toledo, and Defendant Jessie-Hunte each were employed by the Passaic County Department of Health (the County) and Defendant Jessie-Hunte supervised the three other women. (Am. Compl., ECF No. 3, ¶¶ 1-5; Ex. A, ECF No. 86-3.) Defense counsel currently represents Ms. Pappas-Toledo and Defendant Jessie-Hunte and is the only counsel of record for Defendants. Plaintiffs characterize this suit as "a hostile work environment, discrimination, and whistle-blower retaliation case" in which, "[b]eginning in 2009 and continuing throughout [Plaintiffs' period of employment with the Passaic County Department of Health, Plaintiffs] complained about the hostile work environment [Defendant] Jessie-Hunte created[.]"

(Brief, ECF No. 86-1, at 1 (citing Am. Compl., ECF No. 3).) In support of their motion, Plaintiffs contend that discovery has revealed that Ms. Pappas-Toledo not only observed Defendant Jessie-Hunte's abusive behavior but also was subjected to such in the form of "ongoing harassment and disparate treatment." (Brief at 1-6; Ex. A, ECF No. 86-3; Ex. C, ECF No. 86-5; Ex. G, ECF No. 86-9.) Moreover, Plaintiffs submit evidence of the County's disciplinary actions against Defendant Jessie-Hunte in response to charges which include "conduct unbecoming a public employee, discrimination that affects equal employment opportunity, and insubordination." (Brief at 1-6; Ex. H, ECF No. 86-10; Ex. I, ECF No. 86-11.) Plaintiffs also refer to apparently conflicting accounts between the County and Defendant Jessie-Hunte regarding responsibility for and execution of "layoff plans" for Plaintiffs. (Ex. J, ECF No. 86-12; Ex. K, ECF No. 86-13.) Plaintiffs accordingly conclude that defense counsel for the County must be disqualified from representing Ms. Pappas-Toledo and Defendant Jessie-Hunte because of the manifest conflicts with respect to the County's and the individuals' interests and defenses.

In opposition, defense counsel maintains that Defendant Jessie-Hunte's "interests are aligned with those of Passaic County[]" and "[t]here is no conflict in [his] firm's representation of both[.]" (Opp., ECF No. 91, at 1-2.) Defense counsel further argues that "[t]he representation of Ms. Toledo is a non-issue[]" because "[h]er complaints against Ms. Hunte were addressed by the County and Ms. Hunte was reprimanded and disciplined as a result" and "[t]he matter is settled." (Id. at 5.) Defense counsel also concentrates on the budget and personnel justifications for the termination of Plaintiffs as well as on the alignment of interests between the County and Defendant Jessie-Hunte in accordance with *respondeat superior* such that she is not exposed to personal liability. (Id. at 3-6.)

Local Civil Rule 103.1(a) provides that the Rules of Professional Conduct of the American Bar Association, as revised by the New Jersey Supreme Court, shall govern the conduct of members of the bar admitted to practice in the District. "Disqualification of counsel is a harsh discretionary remedy which must be used sparingly." Cavallaro v. Jamco Prop. Mgmt., 334 N.J. Super. 557, 572 (App. Div. 2000); see also United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980) ("Although disqualification ordinarily is the result of a finding that a disciplinary rule prohibits an attorney's appearance in a case, disqualification never is automatic."); Wyeth v. Abbott Labs., 692 F.Supp.2d 453, 457 (D.N.J. 2010) (noting that, in considering disqualification, courts should "carefully examine the totality of the circumstances, taking a balanced approach that includes evaluating the impact, nature and degree of a conflict"). Thus, the movant bears the burden of proving that disqualification is appropriate in light of the applicable Rules. Id. Importantly, in the context of joint representation, the Court must examine whether there is a "substantial identity of interests that can be said to outweigh their potential conflicts." Opinion 552, 102 N.J. 194, 205 (1986) (citations omitted). The Court may permit joint representation if it "does not appear clearly" that joint representation of the governmental entity and its individual employees will "result in different and inconsistent defenses" or will "probably lead to independent or several, rather than overlapping or joint, compensatory relief against each class of defendants." Id.

While the Court appreciates defense counsel's assurance that he can ably and ethically continue to represent all Defendants as well as non-party Ms. Pappas-Toledo, Plaintiffs have convincingly demonstrated through their brief and accompanying exhibits that, in view of the totality of the circumstances, there are plain and interwoven conflicts here that warrant the disqualification sought. First, there is no indication that either Ms. Pappas-Toledo or Defendant

Jessie-Hunte provided the sort of express informed consent contemplated by the Rules of Professional Conduct to overcome a conflict. See N.J. Rules Prof'l Conduct R. 1.0(e), 1.7(a), 1.8(f), 1.13(e). Moreover, as evidenced by Plaintiffs' exhibits and as described above, it is clear that there is a concurrent conflict of interest, i.e., defense counsel's representation of the County along with the individuals will be directly adverse to both individuals. See N.J. Rules Prof'l Conduct R. 1.7(a)(1). Indeed, Ms. Pappas-Toledo, like Plaintiffs, levied complaints against Defendant Jessie-Hunte, who in turn was disciplined by the County. Against this backdrop, for example, defense counsel would encounter a serious quandary in the context of planning for direct and cross-examination or engaging in settlement negotiations, such that there is a significant risk that his representation of the County would be materially limited by his responsibility to either individual, and vice versa. See N.J. Rules Prof'l Conduct R. 1.7(a)(2). One can further envision a scenario in which Defendant Jessie-Hunte attacks the credibility of Plaintiffs and Ms. Pappas-Toledo with respect to their allegations against her and likewise attacks the personnel action taken by the County against her in response to such allegations; the County itself likewise would be positioned to employ such a strategy as to the credibility of Defendant Jessie-Hunte or Ms. Pappas-Toledo. See Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 79 (D.N.J. 2000) (expressing concern for situation in which the "interests of different employees may, in fact, actually contravene those interests of the corporation/organization" (citing Opinion 668, 134 N.J. 294, 303 (1993))). An attorney cannot reasonably be expected to advocate under such circumstances without running afoul of the Rules of Professional Conduct. See Michaels v. Woodland, 988 F. Supp. 468, 474 (D.N.J. 1997) (citing Rules 1.7 and 1.13 and cautioning against a dual representation scenario where, "if [the defense] witnesses provide information supportive of the plaintiff's position, serious questions may arise regarding the ability of counsel for the

defendants to ethically represent the defendants and at the same time represent witnesses who may be testifying against the defendants").

Defense counsel is therefore disqualified from representing Defendant Jessie-Hunte and Ms. Pappas-Toledo. The Court declines at this time to restrict the County from paying for the independent representation of either individual because, until a new attorney is ascertained for either person and the County actually seeks to pay for such counsel, the Court cannot consider, *inter alia*, the issues of informed consent or interference under Rule 1.8(f). The Court further declines to entertain Plaintiffs' request for attorneys' fees at this time.

**ACCORDINGLY, IT IS** on this 4th day of March, 2016,

**ORDERED** that Plaintiffs' motion (ECF No. 86) to disqualify Defendants' counsel from representing non-party Lynn Pappas-Toledo and Defendant Irene Jessie-Hunte is GRANTED;

**ORDERED** that defense counsel shall inform Ms. Pappas-Toledo, Defendant Jessie-Hunte, and the County of this Opinion & Order by Tuesday, March 8, 2016;

**ORDERED** that Defendant Jessie-Hunte shall have until Tuesday, March 22, 2016 to inform the Court of any new counsel; and

**ORDERED** that the Clerk shall terminate ECF No. 86.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**