**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

<table>
<tr>
<td>

DOLLY BOSIRE and DAWN WILKES,

                 Plaintiffs,

   v.

PASSAIC COUNTY, a body politic and political subdivision of the State of New Jersey, PASSAIC COUNTY BOARD OF CHOSEN FREEHOLDERS, PASSAIC COUNTY DEPARTMENT OF HEALTH, IRENE JESSIE-HUNTE, in her individual and official capacity,

                 Defendants.

</td>
<td>

Action No. 12-cv-6498 (KSH)(CLW)


**<u>OPINION & ORDER</u>**

</td>
</tr>
</table>

**THIS MATTER** comes before the Court on Plaintiffs' motion for attorney's fees and Passaic County's cross-motion in opposition. (ECF Nos. 152, 164.) Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs' counsel seek fees from the County based on the conduct of predecessor counsel attributable to the County[1] with respect to protracted discovery disputes and deficiencies in this employment discrimination case. The Court declined to hear oral argument pursuant to Rule 78 and, for the reasons set forth below, denies the motions in part and grants the motions in part, with the parties to submit supplemental briefing consistent with the following.

As is evidenced by the letters, motions, and conferences on the docket, this case has progressed at an exceedingly slow pace on account of discovery deficiencies and disputes as well

---

[1] Plaintiffs seem to express a disinclination to seek fees from the County's former counsel, as they assert that their "motion is limited to Passaic County and—if need be—its prior counsel" and contemplate only the County in their proposed order. See Pl. Br., ECF No. 153, at 27-28; Prop. Order, ECF No. 152-26. Based on this and the possible lack of notice to former counsel, the Court construes Plaintiffs' application as against the County, without prejudice to the prospect of such an application against prior counsel.

as a change in defense counsel. Indeed, the instant motion concerns not the merits of the parties' claims and defenses but rather this prolonged and sometimes contentious path through the course of discovery and motions practice. Plaintiffs set forth in meticulous detail their claim to nearly one hundred thousand dollars in attorney's fees based on the County's alleged recalcitrance in discovery, while the County maintains that Plaintiffs' request is unsubstantiated, exaggerated, and premature. In particular, Plaintiffs highlight the following work product as the basis for their fee application: first motion to compel (ECF No. 36); second motion to compel (ECF No. 47); motion to compel records of Attorney Prusinowski (ECF No. 61); and motion for contempt (ECF No. 76). Plaintiffs claim that these interrelated motions were precipitated by the County's—through prior counsel—dilatory and disingenuous conduct in discovery and that, because each motion was granted or obliged, fees are appropriate.

In response, the County principally argues that the instant application is not ripe for disposition, that depositions of Plaintiffs' counsel are appropriate based on the nature of the motion and insufficient fee accounting, that it cannot be held to pay for the alleged misconduct for want of attribution, and that fees are not warranted within the meaning of Rule 37 and as a result of Plaintiffs' deficient invoices.

The Court need not otherwise concern itself with the bulk of the parties' arguments, as they frequently touch upon the merits of the case and the parties' starkly contrasting accounts of Plaintiffs' discovery requests and the County's responses. Rather, the inquiry here is confined to the dictates of Rule 37, i.e., a comparison of the motions with the consequences thereof.

Rule 37(a) provides:

> (5) Payment of Expenses; Protective Orders.
>
> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or

requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Substantial justification means "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988); Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 140, n.23 (3d Cir. 2009).

First, the application is ripe for disposition. Plaintiffs have reliably and adamantly brought discovery deficiencies to the Court's attention since 2015. The Court has variously observed the volume of disputes, entertained the parties' arguments, intervened to resolve the alleged deficiencies, and deferred consideration of sanctions and attorney's fees. The bases for the instant motion crystallized long ago and, as the case nears its conclusion, the Court discerns no reason for further delay in considering Plaintiffs' application.

Next, it is plain that the County is appropriately held accountable for the offending conduct discussed herein and, hence, for the fees incurred. Plaintiffs persuasively cite certifications and invoices from opposing counsel during the relevant periods to demonstrate that the County was aware of the conduct of the case and is responsible for the fees, while the County offers a generalized denial without a declaration or certification and, for example, no assertion of its ignorance as to how prior counsel defended the case. See Pl. Br. at 28; Ex. Q, ECF No. 152-19; Ex. Y, ECF No. 152-24; Opp. Br., ECF No. 164-1, at 36-37.

Turning to the motions, the Court considers the first motion to compel (ECF No 36). Although Plaintiffs contend that they conferred in good faith prior to filing the motion, the County correctly emphasizes that this motion appears to have been filed without express leave from the Court and in circumvention of Local Civil Rule 37.1, which provides that disputes should be presented via letter in connection with efforts to meet and confer. The County promptly objected to the motion on this basis, Plaintiffs understandably expressed their rationale for filing the motion and desire to obtain outstanding discovery, the Court scheduled and held a conference, and the parties resolved the motion on consent. (ECF Nos. 37-43.) In light of this sequence of events, no formal opposition was ever filed. On these facts, it would be harsh to impose sanctions. The Court credits Plaintiffs' dismay and the fact that they received a favorable result via the consent order, but the deficiencies were more properly presented via informal letter in accordance with Local Rules, the County promptly objected but conferred in good faith, and the Court's intervention and the matter's resolution disposed of the need for full briefing. To award sanctions in such a situation would disincentivize prompt action in such circumstances and encourage failures to adhere strictly to rules of procedure. Accordingly, Plaintiffs' motion is denied on this point.

The second motion to compel (ECF No. 47), however, is distinguishable. This motion was filed after good faith efforts at resolution with leave of Court, was fully briefed amidst a flurry of activity in the case, and was decided after three Court conferences via two Orders—the latter of which was an exhaustive proposed order submitted by Plaintiffs without the County's objection and signed by the Court. (ECF Nos. 49-50, 78, 83-84.) Such a request that was plainly granted is a motion that falls squarely within the ambit of Rule 37 and is the type of submission for which reasonable expenses should be paid by the offending party. And these facts are unchanged by the County's general arguments for substantial justification based on the supposedly unduly broad

scope of Plaintiffs' requests; the County cannot now have a second opportunity to oppose the second motion. There simply being no evidence for substantial justification or other circumstances to support the County's failure to disclose the items at issue, the County therefore shall pay Plaintiffs' fees for the second motion to compel.

The next motion presents a closer question. Plaintiffs moved (ECF No. 61) to compel Attorney James Prusinowski to comply with a subpoena, i.e., to provide his file concerning his representation of Defendant Hunte in a related disciplinary proceeding. In so moving, Plaintiffs asserted that "Defendants have admitted that they have no idea what Mr. Prusinowski is withholding and therefore [have] no standing to object" to the subpoena, Pl. Br., ECF No. 61-1, at 2, while Attorney Prusinowski opposed on the basis of attorney-client privilege, which he asserted was not his to waive, and accused Plaintiffs' counsel of filing the motion without professional courtesies "in an attempt to generate attorneys fees for himself[.]" (ECF No. 68, at 7-15.) Attorney Prusinowski also apparently demurred based on representations from the County's prior counsel that a motion to quash would be filed, although no such motion was ever filed. (ECF No. 61-2, at 22 (page number provided by CM/ECF).) Plaintiffs, however, are steadfast in their argument that motions practice could have been avoided if the County had in the first instance produced the items at issue because they were already in their possession or, in the alternative, facilitated disclosure with their client's consent or by working with Attorney Prusinowski. (Pl. Br., at 13-15, Ex. T; Reply, Br., ECF No. 69.) The Court eventually granted this motion in part subsequent to an *in camera* review, with a few documents withheld. (Order, ECF No. 78.) On balance, this was an extraordinarily inefficient way of arriving at the production of a few hundred documents. Although the County is careful to point out that the motion was directed to a third-party, Opp. Br., at 17, this assertion fails to account for Rule 37's authorization of sanctions against an entity "whose conduct

necessitated the motion." The Court credits Plaintiffs' account and, though greater efficiency may have been achieved without recourse to motions practice, the reality is that Plaintiffs expended considerable effort as a result of the County's inexplicable non-disclosures and Plaintiffs were reasonably skeptical of the completeness of the County's disclosures to that point. Because it was the County's unjustified non-disclosures that precipitated the eventually successful motion, fees are again appropriately due to Plaintiffs.

The parties also dispute Plaintiffs' motion for contempt (ECF No. 76). The Court's consideration of this motion was delayed by its disposition of the intervening motion to disqualify counsel (ECF Nos. 86, 96), such that briefing was never completed and the motion for contempt was withdrawn without prejudice (ECF No. 111). As the County suggests, absent full briefing and a favorable outcome pursuant to Rule 37, sanctions cannot apply. The Court understands Plaintiffs' consternation at the resources committed to a motion that arises out of many of the same operative facts as the instant motion, but that motion was rooted in different legal authority, the County has yet to be heard on it, and the Court is constrained to consider the relief requested herein in conjunction with Rule 37. The Court therefore denies Plaintiffs' motion insofar as it seeks recompense in connection with the motion for contempt.

The County contends that Plaintiffs' fees are unreasonable and that their itemized accounting is insufficiently descriptive. The Court declines to rule on both points, but notes that the piecemeal nature of the relief granted herein necessitates a supplemental fee application by Plaintiffs. That is, the Court requires Plaintiffs to submit an accounting that reflects only work done on the motions for which fees have been granted. While this is not an invitation for Plaintiffs to tailor their invoices for maximum recovery consistent with this Order, the Court recognizes that Plaintiffs may revise some entries to reflect certain categories of relief granted or denied herein.

Such revisions shall be red-lined or annotated and, if practicable, the entire amended accounting shall be provided to the Court via email as an Excel spreadsheet. Each party may submit a supplemental brief not to exceed fifteen double-spaced pages addressing the reasonableness of fees, the work eligible for fees consistent with this Order, and the extent to which fees are appropriately awarded to Plaintiffs for work drafting the instant motion. Finally, the Court denies the County's request to depose Plaintiffs' counsel without prejudice as unwarranted based on the documentation provided thus far.

**ACCORDINGLY, IT IS** on this 10th day of October, 2017,

**ORDERED** that Plaintiffs' motion (ECF No. 152) for attorney's fees is granted in part and denied in part;

**ORDERED** that the County's cross-motion (ECF No. 164) is granted in part and denied in part;

**ORDERED** that Plaintiffs' amended fee application and brief shall be due November 2, 2017;

**ORDERED** that any opposition thereto shall be due November 16, 2017; and

**ORDERED** that the Clerk shall terminate ECF Nos. 152 and 164.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**